## LOTHROP *v.* CASALDUC.

### APPEAL from the District Court of Ponce.

No. 63.—Decided March 5, 1907.

APPEAL—MORTGAGE—PROCEDURE FOR FORECLOSURE THEREOF.—An order of an inferior court in summary foreclosure proceedings requiring the defendant to pay to the plaintiff the amount demanded within the period of thirty days, with the warning that if he failed to do so the property would be sold at pubilc auction to satisfy the mortgage, is not appealable to the Supreme Court.

ID.—STAY OF PROCEEDINGS.—Summary proceedings for the foreclosure of mortgages cannot be stayed by incidental issues or any other means adopted either by the debtor. third possessors or any other interested party, except in the exceptional cases provided for by article 175 of the Regulations for the Execution of the Mortgage Law, and all the claims referred to by said article must be prosecuted by means of the proper ordinary action.

ID.—PROCEDURE IN FORCE.—The summary procedure for the recovery of mortgage credits is in force in so far as the first part is concerned, that is to say up to that stage of the proceedings at which the mortgaged property is ordered to be sold at public auction, the procedure to be followed subsequently thereto however being that provided for by the Act of March 9, 1905, for the execution of judgments.

The facts are stated in the opinion.

*Mr. Casalduc* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On May 9, 1906, Alicia Lothrop, through her attorney, L. Yordán Dávila, instituted summary execution proceedings in the District Court of Ponce under the special procedure pro-

vided by the Mortgage Law, against Marcelino Torres Zayas and Felipe Casalduc y Goicoechea, for the recovery of a mortgage credit for $9,000, of which the former, Marcelino Torres, owed her the sum of $4,000, and the latter, Felipe Casalduc, the remaining $5,000, in addition to the interest agreed, and the costs.

Upon the complaint being filed, together with the deed and other documents required by article 169 of the Regulations for the Execution of the Mortgage Law, the district court, by order of the 13th of said month of May, directed that the defendants be required to make payment of the sum claimed, with the interest agreed, within a period of 30 days, under admonition that in case of their failure so to do, the public sale of the mortgaged property would be proceeded with.

The defendant, Felipe Casalduc y Goicoechea, took an appeal from this decision of the district court, and the appeal having been duly presented by the presentation of the copies prescribed and the brief of the appellant, a day was set for the hearing, which was had without the attendance of the parties.

We are of the opinion that the decision of May 31 of last year, directing that the defendants be required to make payment within a period of thirty days, under admonition that in case of their failure so to do, the mortgaged property would be sold at public auction is not appealable, as this Supreme Court held in its opinion of December 4, 1905, in the case of *Banco Territorial y Agrícola de Puerto Rico* v. *Cintrón Hermanos,* in liquidation, involving the execution of a judgment, inasmuch as according to article 175 of the Regulations for the Execution of the Mortgage Law, the summary proceedings established thereby for the enforcement of claims of that character, cannot be stayed by incidental issues, nor by any other proceedings at the instance of the debtor, of a third person in possession appearing as an interested party, with the specific exceptions prescribed in said article, none of which exceptions includes that under consideration, and that all other

claims, whether of the debtor, of third persons in possession, or of other interested persons, including those regarding the nullity of deeds or proceedings, or the lapse, certainty, stipulation or amount of the debt, must be heard and decided in the proper ordinary action, without ever producing the effect of staying or arresting the execution proceedings, the first part of which proceedings, as this court has also held in the case of *Emilia Jiménez and Felicia Garriga y Brenes* v. *Julio Brenes y Aponte* for the recovery of a sum of money, continued in force after the publication of the Act of the Legislative Assembly of this Island of March 9, 1905, "relating to judgments and the manner of satisfying them"—that is to say, to the moment when through the failure of the debtor to make payment within the 30 days allowed him by article 170 of the Regulations, the court orders the public sale of the mortgaged property, because from this point on the execution of such order must conform to the procedure prescribed by said act for the execution of judgments.

For these reasons the court is of the opinion that the appeal taken by Felipe Casalduc y Goicechea from the decision of the District Court of Ponce of May 31, 1906, should be dismissed, with the costs against the appellant.

*Dismissed.*

Justices Hernández, Figueras and Wolf concurred.
Mr. Justice MacLeary dissented.